Chief Justice Robertson
delivered the opinion of the court.
These are several writs of error, to reverse decrees on a bill and cross-bill.
Cooper enjoined a judgment, which had been ob~ tnined against him by Butler, as assignee.of Thomas Triplett, who was assignee of Hedgeman Triplett, alleging, in his bill, that the consideration of the note had failed. Butler having made his answer, a cross-bill against his assignor, T. Triplett, the circuit court perpetuated the injunction to the judgment, and rendered a decree in favor of Butler on his cross-bill.
Butler prosecutes a writ of error, to reverse the decree perpetuating the injunction; and Thos. Trip-lett prosecutes a writ of error, to reverse the decree, rendered against him in favor of Butler.
Both decrees must be reversed.
There is no proof of the alleged failure of consideration. The bill was taken for confessed, against Hedgeman Triplett; but if he had answered and admitted the allegations of the bill, his co-defendants, who denied them, would not have been affected by his answer. N
Moreover, H. Triplett was not a parly to the suit. An attempt was made to proceed against him ns n *30 non-resident. But the certificate of publication is insufficient; it is signed by the editor, who may not have been “ the printer in whose paper” the order was published; or, in other words, the person who was ostensible proprietor of the press, or publisher of the paper, and who, therefore, whether a mechanic or not, was, pro hac vice, a printer, and “ the printer in whose paper” the order was published-.
A certificate of pubHcation signed by the •‘editor,” is insufficient.
Denny and Triplett for plaintiffs; Morehead for de fendants.
Wherefore, the decree perpetuating the injunctiop, and the decree on Butlers cross-bill, against T. Trip-lett, are reversed, and both cases are remanded, with instructions, to allow time to bring Hedgeman Trip-lett before the court.
The plaintiffs in error must respectively have judgment for costs in this court.